**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ALEXANDRA WOOD, JORDAN WRIGHT,** | § | |
| | § | |
| | § | **CIVIL ACTION NO.  6:23-CV-00096-JCB** |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **PRISCILLA MEJIA, DOES 1-10, INCLUSIVE,** | § | |
| | § | |
| | § | |
| **Defendants.** | | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Before the court is Defendant Priscilla Mejia's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 7.)  Plaintiffs filed a response in opposition (Doc. No. 11), to which Mejia filed a reply (Doc. No. 14), and Plaintiffs filed a sur reply (Doc. No. 16). For the reasons stated herein, the court **RECOMMENDS** that Mejia's motion (Doc. No. 7) be **GRANTED-IN-PART** and **DENIED-IN-PART**. The court also **RECOMMENDS** that Plaintiffs be **DENIED** leave to amend their complaint.

**BACKGROUND**

On February 9, 2023, Plaintiffs Alexandra Wood and Jordan Wright filed this civil action pursuant to 42 U.S.C. § 1983 alleging violations of the Fourteenth Amendment against Defendants Priscilla Mejia and DOES 1–10 ("Unidentified Defendants"). (Doc. No. 1.) Plaintiffs' claims relate to the removal of their two children on January 6, 2022. *Id.* at ¶ 11. Specifically, Plaintiffs allege that on January 6, 2022, believing KRW, their two-year-old child, may have ingested medicine that father Jordan Wright dropped on the floor, Plaintiffs rushed KRW to the emergency room along

1

with their one-year-old child, EMW. *Id.* at ¶¶ 4, 9. Once there, Plaintiffs insisted on drug testing KRW, despite KRW initially not showing any signs of ingestion. *Id.* at ¶ 9. Eventually KRW began showing signs of ingestion, as he appeared drowsy and was vomiting, and the treating physician decided to keep the child for overnight observation. *Id.* The physician informed Plaintiffs that KRW's drug test revealed that he had ingested the prescription drug, but also yielded positive results for THC and an antidepressant. *Id.* Plaintiffs insisted that they did not use marijuana or take antidepressants and that the test results must be wrong. *Id.* After being admitted to the hospital, Wright took EMW to his brother's house for the evening. *Id.* When he returned to the hospital, Mejia, a social worker for the Texas Department of Family and Protective Services, was talking to Wood about what happened with KRW. *Id.* at ¶¶ 5, 9. Shortly thereafter, Mejia removed KRW from Plaintiffs' custody and Plaintiffs were escorted from the hospital by police. *Id.* at ¶¶ 9–10. Mejia then went to Wright's brother's house and removed EMW. *Id.* at ¶ 11. Plaintiffs allege that their children were removed without a court order. *Id.* They also allege that exigent circumstances did not justify the removal because there was no immediate threat of physical abuse, as KRW was safe in the hospital and EMW was at Wright's brother's house for the night. *Id.* at ¶ 11. Plaintiffs assert that the next day, Mejia sought an emergency removal order from state court, which was denied. *Id.* at ¶ 13. Mejia then called Plaintiffs and informed them they could pick up their children. *Id.* Plaintiffs allege that after the court denied her emergency removal request, Mejia kept the case open and her supervisor, one of the Unidentified Defendants, approved her request to enroll Plaintiffs in family services based on domestic violence. *Id.* at ¶ 14. The state court denied her motion to participate in family services and Mejia eventually closed the case. *Id.*

On April 17, 2023, Mejia filed a motion to dismiss on the grounds of qualified immunity. (Doc. No. 7.) Mejia attached portions of KRW's medical records and state court records to her motion. (Doc. Nos. 7-1–7-6.)

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the court considers the remaining "well-pleaded factual allegations." *Id.* The court must accept as true all facts alleged in a plaintiff's complaint, and the court views the facts in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted).

In other words, the court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not required. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Mejia argues that she is entitled to qualified immunity because exigent circumstances justified her removal of the children; thus, she did not violate Plaintiffs' Fourteenth Amendment right to procedural due process.[1] (Doc. No. 7, at 7–8.) Mejia also argues that Unidentified Defendants should be dismissed because Plaintiffs' allegations do not give rise to liability. *Id.* at 10. Plaintiffs contend that Mejia incorrectly frames the issue as whether Plaintiffs can show that Mejia is not entitled to qualified immunity as opposed to whether Plaintiffs have pleaded sufficient facts to state a claim for violating their right to procedural due process. (Doc. No. 11, at 2.) Plaintiffs argue that Defendants violated their clearly established right to procedural due process, which prevents the state from removing children from their parents without a court order or exigent circumstances. *Id.* at 17–18.

### I.    Priscilla Mejia

The doctrine of "qualified immunity" protects government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). At the pleading stage, the qualified immunity inquiry focuses on whether a plaintiff has shown "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al–Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow*, 457 U.S. at 818). The court has "discretion in deciding which of the

---

[1] Mejia also argues that Plaintiffs fail to allege a violation of a clearly established right to substantive due process. (Doc. No. 7, at 5–6.) Plaintiffs' allegations concern their Fourteenth Amendment right to procedural due process; thus, the court will not address Mejia's arguments concerning substantive due process. (Doc. Nos. 1, at 6–7;1-1; 16, at 3.)

two prongs of the qualified immunity analysis should be addressed first." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Plaintiffs allege that Mejia violated their Fourteenth Amendment right to procedural due process when she removed their children without a court order or exigent circumstances. (Doc. No. 1, at ¶ 22.) The Due Process Clause requires that states follow certain procedures before interfering with parents' care, custody, and control of their children. *Romero v. Brown*, 937 F.3d 514, 521 (5th Cir. 2019). Under the Fourteenth Amendment, a state cannot "seize a child from his or her parents absent a court order, parental consent, or exigent circumstances." *Gates v. Tex. Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 429 (5th Cir. 2008) (citation omitted). "This is the same standard that governs a child's Fourth Amendment claim for being removed from the family." *Romero*, 937 F.3d at 521 (citing *Gates*, 537 F.3d at 435).

Exigent circumstances exist when, based on the totality of the circumstances, there is reasonable cause to believe that the children are in imminent danger of physical or sexual abuse if they remain with the parents. *Gates*, 537 F.3d at 429. In assessing whether exigent circumstances justified a removal, the court considers several unenumerated factors including: (1) "whether there was time to obtain a court order," (2) "the nature of the abuse (its severity, duration, and frequency)," (3) "the strength of the evidence supporting the allegations of abuse," (4) "the risk that the parent will flee with the child," (5) "the possibility of less extreme solutions to the problem," and (6) "any harm that might result from the removal." *Id.* This inquiry is flexible, and the court takes into account the surrounding facts and circumstances, with no one factor being dispositive. *Id.* In considering the facts of the case, the court also "pay[s] careful attention to what information was known by the [state] employees making the decision to remove the [] children." *Id.*

5

Plaintiffs allege that Mejia removed their children in the middle of the night without a court order, consent, or exigent circumstances. (Doc. No. 1, at ¶¶ 10–11.) Plaintiffs assert that KRW was safe in the hospital under overnight observation, and EMW was not even with Plaintiffs at the time of removal because they had taken him to a family member's house for the night. *Id.* at ¶ 21. Plaintiffs assert that Mejia had ample time to obtain a court order before removing the children because any danger was remote and uncertain, and that she did not consider less drastic alternatives to removing the children without a court order in the middle of the night. *Id.* Plaintiffs also allege that the state court denied Mejia's after-the-fact request for emergency removal and their children were returned shortly after. *Id.* at ¶ 13. Plaintiffs therefore assert that exigent circumstances did not justify the removal because there was no imminent danger of physical abuse; thus, Mejia's removal violated Plaintiffs' Fourteenth Amendment right to procedural due process. *Id.* at ¶¶ 21–22.

Mejia acknowledges that Plaintiffs have a clearly established constitutional right to procedural due process under the Fourteenth Amendment and recognizes that the Fifth Circuit has clearly established that children cannot be removed from their parents absent a court order or exigent circumstances. (Doc. No. 7, at 6–7.) Mejia also does not dispute that she did not obtain a court order before removing Plaintiffs' children from their care. *Id.* at 1–2, 9. Instead, Mejia asserts that she is entitled to qualified immunity on Plaintiffs' procedural due process claim because exigent circumstances justified the removal. *Id.* at 7. She contends that there was strong evidence supporting the allegations of abuse because KRW tested positive for three controlled substances.[2] *Id.*

---

[2] Mejia submitted portions of the medical and state court records with her motion to dismiss, arguing that the court can consider the records without converting her motion to dismiss to a motion for summary judgment because they are referenced in the complaint and central to Plaintiffs' claims. (Doc. Nos. 7, at 2–3; 7-1–7-6.) In her motion, Mejia references the attached documents to dispute Plaintiffs' allegations. (Doc. No. 7, at 7–8.) While the court can consider documents attached to a motion to dismiss in certain situations, ultimately "[t]he court's task is to determine whether

Considering Plaintiffs' allegations, several factors weigh in favor of the reasonableness of the removal: (1) the removal happened after the state court was closed for the day such that obtaining a court order at the time would have been difficult, and (2) KRW tested positive for three controlled substances, although Plaintiffs assert that two of the substances were false positives. On the other hand, several factors weigh against the reasonableness of the removal: (1) on Plaintiffs' own accord, KRW was being kept for overnight observation at the hospital and EMW was at a family member's house, making the risk of flight low, (2) a less extreme solution was available—Mejia could have kept KRW in the hospital with Plaintiffs for overnight observation, allowed EMW to sleep at the family member's house, and sought a court order in the morning before removing the children, and (3) the state court denied Mejia's after-the-fact emergency removal request, and the kids were immediately returned. *See Romero*, 937 F.3d at 522 (finding that a state court judge's denial of an after-the-fact emergency removal request "lends further support to a procedural due process claim under the clearly established *Gates* standard"). At this stage, however, the court is unable to determine whether Mejia acted reasonably under the totality of the circumstances because the court is not privy to nor able to consider the information known to Mejia in making the decision to remove the children. *See Gates*, 537 F.3d at 429–30 (considering social workers' knowledge in determining whether exigent circumstances justified the removal); *Wernecke v. Garcia*, 591 F.3d 386, 398–99 (5th Cir. 2009) (same). Thus, the court cannot determine whether Mejia considered and ruled out less drastic options in deciding to remove the children. *See Gates*, 537 F.3d at 429–30.

---

the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Thus, the court finds it unnecessary to consider the attached documents in assessing whether Plaintiffs have pleaded sufficient facts to state a claim.

Accepting the well-pleaded facts as true, Plaintiffs' allegations are sufficient to establish that Mejia violated their Fourteenth Amendment right to procedural due process when she seized their children without a court order or exigent circumstances. As alleged, there was no imminent danger of physical abuse to the children because KRW was in the hospital under overnight observation and EMW was at a family member's house for the evening. Thus, Mejia could have obtained a court order the next morning before removing the children. Given the facts alleged, the court is unable to assess the reasonableness of Mejia's decision to remove the children from Plaintiffs' care at the pleading stage. As it stands, Plaintiffs have pleaded sufficient facts to establish that Mejia's actions were unreasonable.

Moreover, at the time of the alleged constitutional violation, the Fifth Circuit had clearly established that the state cannot remove children from their parents absent a court order, parental consent, or exigent circumstances. *See Gates*, 537 F.3d at 429; *Wernecke*, 591 F.3d at 397; *Romero*, 937 F.3d at 521. Mejia's argument that Plaintiffs cannot identify analogous Fifth Circuit precedent supporting their position that no reasonable social worker would conclude that there was imminent danger of physical abuse to the children here is unavailing because the Fifth Circuit has repeatedly emphasized that whether exigent circumstances justified a removal is a fact-intensive inquiry based on the totality of the circumstances. (Doc. No. 14, at 3.) *See Gates*, 537 F.3d at 429; *Wernecke*, 591 F.3d at 397–98. Furthermore, social workers have been on notice for nearly fifteen years that "they violate procedural due process when they remove children without a court order or exigent circumstances." *See Romero*, 937 F.3d at 523; *see also Gates*, 537 F.3d at 429; *Wernecke*, 591 F.3d at 397. Because the complaint plausibly alleges that Plaintiffs' children were removed without a court order or exigent circumstances, the court recommends that Plaintiffs' claim against Mejia proceed past the pleading stage. *See Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022)

(holding that when a plaintiff's pleadings are sufficient to overcome qualified immunity, the court must deny a motion to dismiss, and the defendant can either: (1) immediately appeal the court's decision or (2) request limited discovery into the factual disputes relevant to the qualified immunity defense and reassert qualified immunity in a motion for summary judgment).

## II.    Unidentified Defendants

Mejia also moves to dismiss Plaintiffs' Section 1983 claim against the Unidentified Defendants, arguing that Fifth Circuit precedent forecloses a finding of liability. (Doc. No. 7, at 10.) Plaintiffs bring Section 1983 claims against the Unidentified Defendants, encompassing Mejia's supervisors and the police officers involved in the removal of the children, for conspiring with Mejia to violate their Fourteenth Amendment right to procedural to process. (Doc. No. 1, at ¶¶ 7, 21–22.)

Although the Unidentified Defendants have not been served, the court considers the claims against them. The Fifth Circuit has held that parties not joining a motion are nonetheless entitled to benefit of that motion. *See Lewis v. Lynn,* 236 F.3d 766, 768 (5th Cir. 2001). As Mejia contends, the claims against the Unidentified Defendants would not subject them to liability, and the Fifth Circuit requires that a defendant's entitlement to qualified immunity "be determined at the earliest possible stage of the litigation." *See Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021). This prevents a defendant immune from suit from "being compelled to bear the costs of discovery and other pre-trial burdens." *Id.* Thus, the court recommends that the Unidentified Defendants receive the benefit of Mejia's motion and will evaluate Plaintiffs' allegations concerning them.

To state a Section 1983 claim for supervisory liability, a plaintiff must allege that the defendant was personally involved in the actions complained of or is responsible for the policy or custom giving rise to the alleged constitutional deprivation. *See Alderson v. Concordia Parish*

*Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (holding that under Section 1983, officials are not vicariously liable for conduct of those under their supervision, they are accountable for their own acts and for implementing unconstitutional policies that result in constitutional deprivations); *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) ("A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'" (citation omitted)).

Plaintiffs allege that Mejia's supervisors are liable for their decision-making authority in allowing the case to remain open to provide family services based on domestic violence after the state court denied Mejia's request for emergency removal. (Doc. No. 1, at ¶¶ 7, 14.) Plaintiffs do not allege that Mejia's supervisors were responsible for the policy or custom giving rise to their Fourteenth Amendment claims. And the only allegations that Mejia's supervisors were personally involved in the alleged violation of Plaintiffs' procedural due process rights was that Mejia's supervisors approved her actions. Such conclusory allegations do not suffice to show personal involvement to state a Section 1983 claim. *See Romero*, 937 F.3d at 523–24. Plaintiffs therefore fail to establish that Mejia's unidentified supervisors violated their constitutional rights, and her supervisors are entitled to qualified immunity.

Plaintiffs also allege that the Unidentified Defendants encompass the officers of the Tyler Police Department who were involved in the unlawful removal of their children. (Doc. No. 1, at ¶ 7.) The Fifth Circuit has held that law enforcement officers assisting social workers in the removal of children may "reasonably rely on [the social worker's] assessment of the situation." *Gates*, 537 F.3d at 431. Moreover, the court need not find that the social worker's actions were reasonable in removing the children in order to find that the officers' reliance on her assessment was reasonable. *See Romero*, 937 F.3d at 524. Here, the officers' reliance on Mejia's assessment was not clearly

unreasonable. KRW had tested positive for three controlled substances. Plaintiffs do not allege that the officers had any reason not to believe Mejia or rely on her assessment regarding the need to remove the children. Plaintiffs' allegations do not suggest that all reasonable officers would have viewed assisting Mejia as a violation of Plaintiffs' constitutional rights. Thus, their allegations do not establish that the officers violated clearly established law, and the Tyler police officers involved in the removal of Plaintiffs' children are entitled to qualified immunity.

### III.    Leave to Amend

In their response to Mejia's motion to dismiss, Plaintiffs request that they be allowed to amend their complaint as a matter of course if the court finds their allegations insufficient. (Doc. No. 11, at 1–2.) Defendants do not respond to Plaintiffs' request.

Relevant here, under Rule 15(a)(1) a party may amend their pleading "as a matter of course" within 21 days of serving it or, if the pleading requires a responsive pleading, within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), whichever is earlier. But Plaintiffs did not amend their complaint in response to Mejia's motion to dismiss as permitted by Rule 15(a)(1). Instead, they elected to respond to Mejia's motion to dismiss,[3] and the time for filing an amended complaint as a matter of course has passed. Thus, the court will consider their request for leave to amend their complaint under Rule 15(a)(2).

Rule 15(a)(2) permits a party to amend their pleadings only with leave of court or a defendant's written consent. Leave should be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2). Leave to amend, however, is by no means automatic. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). "[T]he decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.* In considering whether to

---

[3] Plaintiffs also do not attach a proposed amended complaint to suggest how they would overcome the deficiencies identified herein.

grant a plaintiff's request for leave to amend a complaint, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The only factor at issue here is futility. Amendment of the complaint is futile where no set of facts would entitle the plaintiff to relief. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

As discussed above, Plaintiffs do not allege that Mejia's unidentified supervisors were personally involved in the constitutional violation, nor do they allege that Mejia's supervisors were responsible for a policy or custom giving rise to the constitutional violation. The only factual allegation concerning Mejia's unidentified supervisors is that they approved Mejia's request to enroll Plaintiffs in family services for domestic violence *after* the state court denied Mejia's request for emergency removal and Plaintiffs' children were returned. The facts alleged do not support Plaintiffs' claim that Mejia's unidentified supervisors conspired with Mejia to violate Plaintiffs' Fourteenth Amendment right to procedural due process when their children were removed by Mejia without a court order or exigent circumstances because her supervisor's involvement took place after the alleged procedural due process violation occurred. Thus, it appears that no set of facts would entitle Plaintiffs to relief from Mejia's unidentified supervisors. The court therefore finds that any amendment of the claims against Mejia's unidentified supervisors would be futile.

Concerning Plaintiffs' claim against the unidentified police officers involved in the removal of their children, even if the court found that Mejia's assessment in removing the children was unreasonable and exigent circumstances did not justify the removal, the officers were still permitted to reasonably rely on her assessment. *See Gates*, 537 F.3d at 431. Thus, the court finds

12

that amendment of Plaintiffs' claims against the unidentified Tyler police officers involved in the removal of Plaintiffs' children would be futile.

## CONCLUSION

For these reasons, the court finds that Plaintiffs plausibly allege that Mejia violated their Fourteenth Amendment right to procedural due process when she removed their children without a court order or exigent circumstances. The court also finds that the Unidentified Defendants are entitled to qualified immunity. The court therefore **RECOMMENDS** that Defendant Mejia's motion to dismiss (Doc. No. 7) be **GRANTED** with respect to Plaintiffs' Section 1983 claims against the Unidentified Defendants for failure to state a claim and **DENIED** with respect to Plaintiffs' Section 1983 claim against Mejia. The court also **RECOMMENDS** that Plaintiffs' request for leave to amend their complaint be **DENIED** for the reasons stated above.

Given the court's finding that Plaintiffs have pleaded sufficient facts that, if true, would overcome Mejia's defense of qualified immunity, the court's suggested denial of Mejia's motion, and the court's inability to assess the immunity defense without further clarification of the facts, the court further **RECOMMENDS** the parties engage in limited discovery "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *See Carswell*, 54 F.4th at 311 (quoting *Wicks v. Miss. State Emp. Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)).

Within fourteen days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal

conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 26th day of May, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE