UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00096

**Alexandra Wood et al.,**
*Plaintiffs,*

v.

**Priscilla Mejia et al.,**
*Defendants.*

# ORDER

Plaintiffs filed this civil-rights lawsuit alleging violations of their Fourteenth Amendment right to procedural due process under 42 U.S.C. § 1983. Doc. 1. On April 17, 2023, defendant Mejia moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 7. This cause of action was referred to Magistrate Judge John D. Love, who issued a report recommending that defendant's motion to dismiss be granted with respect to the claims against Does 1–10 but denied with respect to the claim against Mejia. Doc. 17. After receiving leave to file after the deadline, plaintiffs objected to the report and recommendation on June 16, 2023. Doc. 21.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996). The court reviews all unobjected-to portions of the report and recommendation only for clear error or abuse of discretion. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), cert. denied, 492 U.S. 918 (1989) (holding that, if no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Plaintiffs object to the magistrate judge's dismissal of their § 1983 claim against Mejia's unidentified supervisors. Doc. 21. Plaintiffs contend that they should be permitted to engage in limited

discovery to identify Mejia's supervisors and their potential liability in the removal of their children. *Id.* Plaintiffs maintain that discovery would allow them to plead enough facts to state a claim against these supervisors. *Id.*

Plaintiffs allege that Mejia's supervisors are "in some manner liable and legally responsible" for their decision-making authority and direct supervision of Mejia. Doc. 1. Plaintiffs assert that one of Mejia's supervisors approved Mejia's decision to keep the case open and enroll plaintiffs in family services for domestic violence after the state court denied Mejia's emergency request for removal of plaintiffs' children. *Id.* Plaintiffs do not allege that the unidentified supervisors implemented unconstitutional policies, so their allegations rest on the unidentified supervisors' personal involvement in the removal of their children.

To establish supervisory liability for "constitutional violations committed by subordinate employees" plaintiffs must show that the supervisors acted with deliberate indifference to their subordinate's violations of plaintiffs' constitutional rights. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Although plaintiffs allege that Mejia's unidentified supervisors were deliberately indifferent to their due process rights, they fail to allege specific facts supporting that allegation. Doc. 1. Conclusory, speculative allegations are not entitled to the assumption of truth and are insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ("[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity.") Moreover, as the magistrate judge acknowledged, the unidentified supervisors' approval to keep plaintiffs' case open after the state court denied Mejia's emergency removal request occurred after the alleged procedural due process violation alleged in this case. Those allegations do not show the unidentified supervisors' personal involvement in the alleged constitutional deprivation.

Although plaintiffs request limited discovery to determine the identity of Mejia's supervisors and their potential liability, a

plaintiff's conclusory allegations cannot survive a motion to dismiss in anticipation that limited discovery will reveal viable claims. *See Iqbal*, 556 U.S. at 686 (noting that because plaintiff's complaint was insufficient to survive dismissal under Rule 12(b)(6) on qualified immunity grounds, he was not entitled to discovery)*; see also Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (clarifying that the plaintiff must plead enough facts "'to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements" (quoting *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)).

Plaintiffs have failed to plead sufficient facts to state a claim against Mejia's unidentified supervisors to overcome qualified immunity. The court therefore finds that the magistrate judge did not err in dismissing plaintiffs' § 1983 claim against the unidentified supervisors.

Having reviewed the remainder of the magistrate judge's report and being satisfied that it contains no clear error, the court accepts its findings and recommendation. Mejia's motion to dismiss (Doc. 7) is granted in part and denied in part. Plaintiffs' claims against Does 1–10 are dismissed for failure to state a claim. The clerk of the court is directed to terminate Does 1–10 on the docket. Plaintiffs' § 1983 claim against Mejia remains pending.

*So ordered by the court on June 23, 2023.*

J. CAMPBELL BARKER
United States District Judge